# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 13-143V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
                                              *
KALLIE ANN SCHMIDT, Mother of                 *
HAYLEE MARIE MALLONEE, deceased,              *        Filed:  June 7, 2016
                                              *
               Petitioner,                    *
                                              *        Attorney's Fees and Costs;
       v.                                     *        Motion for Relief from Judgment;
                                              *        RCFC 60(b).
SECRETARY OF HEALTH AND                       *
HUMAN SERVICES                                *
                                              *
               Respondent.                    *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Douglas Lee Burdette*, Burkett & Burdette, Seattle, WA, for Petitioner.

*Glenn Alexander MacLeod*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING RELEIF FROM JUDGMENT[1]

On February 26, 2013, Petitioner Kallie Ann Schmidt filed a petition as mother of Haylee Marie Mallonee, deceased, seeking compensation under the National Vaccine Injury

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

Compensation Program ("the Vaccine Program"),[2] alleging that her daughter's death resulted from an anaphylactic reaction to receipt of the Hepatitis B Vaccine. The parties subsequently filed a stipulation on July 6, 2015 (ECF No. 50), detailing an amount to be awarded to Petitioner, which served as the basis for my decision awarding damages dated July 10, 2015 (ECF No. 54). The parties later filed a stipulation regarding attorney's fees and costs on August 24, 2015 (ECF No. 58), which I adopted as my fees decision dated August 26, 2015 (ECF No. 60).

Subsequent to the entry of the Fees Judgment on September 3, 2015 (ECF No. 62), Petitioner incurred additional fees and costs.[3] First, on October 20, 2015, Respondent notified Petitioner that proof of Petitioner's "representative capacity," not yet on file, was needed in a Program case such as this one where an action was filed on behalf of a deceased minor child. Second, there was confusion amongst the parties and the Court regarding the finality of the underlying damages judgment, and counsel for Petitioner had to devote time to this matter (which was ultimately resolved).

Based on the above, Petitioner now moves for relief from the Fees Judgment. Petitioner is requesting supplemental fees and cost related to the efforts to obtain payment of judgment, as well as the time and costs incurred in getting Petitioner appointed as Personal Representative in the amount of $1,952.95 (representing attorney's fees since October 2015 totaling $1,162.50, plus costs incurred totaling $340.45). Respondent has represented that she has no objection to the additional fees and costs requested.

Under Vaccine Rule 36, Appendix B, RCFC (the "Vaccine Rules"), a party may seek relief from judgment pursuant to RCFC 60. Ms. Schmidt's motion invokes Rule 60(b), which delineates five specific circumstances for relief, plus a catch-all permitting a party to obtain modification of a decision based upon "any other reason that justifies relief." RCFC 60(b).

Here, I find that Petitioner has establish a basis for revising the Fees Judgment under Rule 60(b). First, I find Rule 60(b)(1), which permits relief on the grounds of "mistake, inadvertence, surprise, or excusable neglect," applicable to the additional costs associated with establishing Petitioner as Personal Representative of her daughter's estate. *See* RCFC 60(b)(1). The fees

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] Petitioner originally filed a Supplemental Motion for Attorney's Fees and Costs, dated May 27, 2016, which included invoices outlining the additional work performed on this case. ECF No. 65. However, during a status conference on June 3, 2016, I instructed the parties that this supplemental motion should be stricken, and instead a motion for relief from the judgment should be filed. Petitioner did so on June 6, 2016. ECF No. 67. I will strike Petitioner's Supplemental Motion for Attorney's Fees and Costs as improperly filed, but I will rely upon the information contained within it (invoices detailing additional fees and costs incurred) in granting the relief now requested.

associated with the establishment of Petitioner as Personal Representative were not included in the original application as a result of a mistake or inadvertence, as the parties stipulation clearly contemplated Petitioner receiving payment in her role "as Legal Representative of the Estate of Haylee Marie Mallonee" (ECF No. 54 at 4). Second, I find that the additional time Petitioner's counsel devoted to this case to resolve questions surrounding the finality of the damages judgment represents "extraordinary circumstances" for which relief should be permitted under Rule 60(b)(6). *See* RCFC 60(b)(6) (permitting relief on the grounds of "any other reason that justifies the relief."). Furthermore, I find that the Rule 60(b) requirement that relief may only be obtained by motion and a showing of "just terms" has been satisfied in this case.[4] RCFC 60(b).

The motion does not challenge or dispute the underlying merits of the prior fee decisions. The requested correction will merely increase the size of the Fees Judgment to reflect additional work performed on this case after October 2015. The motion is also unopposed by Respondent, further underscoring the extent to which it is the view of the parties that the error in question, while worthy of correction, is substantively minor. Such circumstances establish a sound basis for revising the Fees Judgment under Rule 60(b).

## CONCLUSION

Accordingly, **(1) the Clerk of the Court is hereby instructed to strike Petitioner's Supplemental Motion for Attorney's Fees and Costs (ECF No. 65), as improperly filed, and (2) Petitioner is awarded an additional $1,952.95 in attorney's fees and costs in this action in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Douglas Lee Burdette, Esq.** In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with these terms.[5]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[4] The grounds for relief under RCFC 60(b)(6) require a showing of "extraordinary circumstances." *See Ackerman v. United States*, 340 U.S. 193, 198, 202 (1950) (finding petitioner did not fulfill the "extraordinary circumstances" requirement necessary for vacating judgment). The Court of Federal Claims has granted relief under RCFC 60(b)(6) only where, without such relief, substantial rights of a party would be violated. *See Freeman v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 280, 281 (1996) (finding the alleged circumstances "warrant the reopening of the case in the interest of justice."); *Coleman v. Sec'y of Health & Human Servs.*, No. 06-0710, 2011 WL 6828475, *4 (Fed. Cl. Spec. Mstr. Dec. 07, 2011) (finding relief from judgment proper under Rule 60(b)(6) to prevent "harm to substantial rights of petitioner that would result if the requested relief were not granted.").

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.